UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RIKLY RODRIGUEZ NARANJO,<br>Petitioner,<br>v.<br>WARDEN,<br>Respondent. | No. 1:26-cv-07435-DAD-AC<br><br><u>ORDER GRANTING PETITIONER'S MOTION TO PROCEED *IN FORMA PAUPERIS* AND ORDERING SUPPLEMENTAL BRIEFING AS WELL AS ALL CORRESPONDING DOCUMENTS FROM RESPONDENT</u> |

Petitioner has filed a *pro se* petition for writ of habeas corpus challenging his detention by Immigration and Customs Enforcement ("ICE"). (Doc. No. 1.) He has also filed a motion to proceed *in forma pauperis* (Doc. No. 2), and a motion for appointment of counsel. (Doc. No. 3.) The court issued an order setting a briefing schedule which directed respondent to indicate whether this case is substantively distinguishable from the circumstances addressed in several cited prior orders of the undersigned. (Doc. No. 6.) In that same order, the court informed the parties that if it determined that petitioner was entitled to the relief sought, then it would rule directly on the merits of the underlying petition. (*Id.*) The court further directed respondent to indicate whether it opposed the court taking such action. (*Id.*)

Respondent subsequently filed a response in opposition to the habeas petition. (Doc. No. 7.) In that response, respondent claims that petitioner's most recent detainment is pursuant to 8

U.S.C. § 1231(a)(6), because an immigration judge ("IJ") ordered petitioner removed in June 2026, and that while petitioner reserved the right to appeal that order, petitioner did not pursue an appeal. (Doc. No. 7 at 3.)

Petitioner is a citizen of Cuba. (Doc. No. 7 at 7.) Petitioner claims he entered the country in February 1999. (Doc. No. 1 at 2.) According to respondent, petitioner was detained by ICE officials in 2025 after being convicted of certain crimes and then ordered removed from the United States by an IJ on or about June 12, 2026. (Doc. No. 7 at 8, 90.) Respondent states that petitioner reserved his right to appeal from that order, but did not pursue such an appeal resulting in the removal order becoming administratively final. (Doc. No. 7 at 1.)

The court takes judicial notice of the fact based on the online immigration detainee locator, it appears possible that petitioner is no longer in immigration custody. *See, e.g., Woods v. Merkelbach*, No. 2:23-cv-02798-DAD-CKD, 2024 WL 1624171, at *2 n.4 (E.D. Cal. Apr. 15, 2024) (taking judicial notice of government documents obtained from a state department's public website). Therefore, given petitioner's previous order of removal from June 2026, it may be that he has now been removed. On the other hand, it is also possible that after the issuance of a removal order ICE has simply chosen to remove petitioner from the online immigration detainee locator system. Accordingly, before this court rules on the underlying habeas petition, respondent will be ordered to provide the court with a detailed update of petitioner's current immigration detention status, along with any corresponding documentation reflecting petitioner's removal from the United States.

Therefore,

1. Petitioner's motion to proceed *in forma pauperis* (Doc. No. 2) is GRANTED;
2. Respondent shall file a supplemental brief along with all corresponding documents associated with petitioner's custody status, if any, within three (3) business days of this order; and

/////

/////

/////

3. Petitioner may file a reply to respondent's supplemental brief and corresponding documents within seven (7) days thereafter.

IT IS SO ORDERED.

Dated: **October 19, 2026**

Dale A. Drozd
DALE A. DROZD
UNITED STATES DISTRICT JUDGE