UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RIKLY RODRIGUEZ NARANJO,

Petitioner,

v.

WARDEN,

Respondent.

No. 1:26-cv-07435-DAD-AC

ORDER DENYING PETITIONER'S REQUEST FOR A TEMPORARY RESTRAINING ORDER AS SO CONSTRUED IN HIS HABEAS CORPUS PETITION

(Doc. No. 1)

On September 14, 2026, petitioner filed a *pro se* petition for writ of habeas corpus challenging his detention by Immigration and Customs Enforcement ("ICE"). (Doc. No. 1.) He also filed a motion for appointment of counsel at that time. (Doc. No. 3.) On September 17, 2026, the court issued an order construing the habeas petition as including a request for a temporary restraining order ("TRO"). (Doc. No. 6.) In that order the court set a briefing schedule which directed respondent to indicate whether this case is substantively distinguishable from the circumstances addressed in several cited prior orders of the undersigned as it construed petitioner's habeas petition as also requesting temporary injunctive relief for his immediate release. (Doc. No. 6.) In that same order, the court informed the parties that if it determined that petitioner was entitled to the relief sought, then the court was inclined to rule on the merits of the

/////

underlying petition based upon the briefing currently before it. (*Id.*) The court further directed respondent to indicate whether it opposed the court taking such action. (*Id.*)

On September 21, 2026, respondent filed its opposition. (Doc. No. 7.) In that response, respondent claims that petitioner's detention is pursuant to 8 U.S.C. § 1231(a)(6), because an immigration judge ("IJ") ordered petitioner removed from the United States in June 2026, and that while petitioner reserved the right to do so he did not pursue an appeal from the removal order resulting in his order of removal becoming final in mid-July 2026. (Doc. No. 7 at 3.)

Based upon the parties' submissions the court finds as follows. Petitioner is a citizen of Cuba. (Doc. No. 7 at 7.) Petitioner claims he entered the United States in February 1999. (Doc. No. 1 at 2.) According to respondent, petitioner was detained by ICE officials in 2025 after being convicted of certain crimes and then ordered removed from the United States by an IJ on or about June 12, 2026. (Doc. No. 7 at 90.)

Respondent asserts that petitioner's current immigration detention is within the presumptively reasonable six-month period set forth in *Zadvydas v. Davis*, 533 U.S. 678, 699–701 (2001). (Doc. No. 7 at 3–4.) Once a final order of removal has been entered, immigration detainees are subject to a 90-day mandatory detention period. *See Zadvydas*, 533 U.S. at 683. In *Zadvydas,* the Supreme Court construed § 1231(a)(6) to mean that an alien who has been ordered removed may not be detained beyond 'a period reasonably necessary to secure removal,' and it further held that six months is a presumptively reasonable period[.]" *Jennings v. Rodriguez*, 583 U.S. 281, 298–99 (2018) (internal citations omitted).

Here, petitioner has been detained since late 2025 and has remained in detention since his order of removal became final approximately four months ago when he elected not to pursue an appeal from the IJ's order of removal to the Board of Immigration Appeals. Nonetheless, as many courts have recognized, "*Zadvydas* also applies to those who are subject to a final order of removal and who are detained for less than six months." *Abramian v. Bondi*, No. 25-cv-03080-DMG-SP, 2026 WL 166907, at *5 (C.D. Cal. Jan. 16, 2026). In this regard, immigration detainees who have been in post-removal detention for more than 90 days, but less than six months may challenge the lawfulness of their detention "by establishing that there is no

significant likelihood of removal in the reasonably foreseeable future." *Id.*; *see also Ndandu v. Noem*, No. 3:25-cv-02939-RBM-MSB, 2026 WL 25848, at *3 (S.D. Cal. Jan. 5, 2026) (collecting cases where "district courts have found that the six-month presumption is rebuttable."). "The six-month presumption of reasonability under *Zadvydas* is 'just that—a presumption.'" *Burunsuzyan v. Noem*, No. 5:26-cv-00049-RGK-AGR, 2026 WL 246067, at *5 (C.D. Cal. Jan. 27, 2026) (quoting *Clark v. Martinez*, 543 U.S. 371 387 (O'Connor, J., concurring)). Nonetheless, "a 'presumption' can be rebutted only by contrary evidence." *Godoy v. Spearman*, 861 F.3d 956, 965 (9th Cir. 2017); *see also* Fed. R. Evid. 301 ("In a civil case, unless a federal statute or these rules provide otherwise, the party against whom a presumption is directed has the burden of producing evidence to rebut the presumption.").

As noted above, petitioner has been in post-removal immigration detention for approximately four months. That four month length of detention though is not necessarily dispositive. *See Clark v. Martinez*, 543 U.S. 371, 384 (2005) ("*Zadvydas* did not hold that the statute authorizes detention until it approaches constitutional limits; it held that, since interpreting the statute to authorize indefinite detention (one plausible reading) would approach constitutional limits, the statute should be read (in line with the other plausible reading) to authorize detention only for a period consistent with the purpose of effectuating removal."). Here, however, petitioner has failed to provide the court any evidence rebutting the presumption that he will not be removed within the next approximately two (2) months before the presumptively reasonable six-month period set forth in *Zadvydas* expires. Therefore, the court will deny the request for a temporary restraining order contained with petitioner's pending habeas petition without prejudice.[1]

/////

/////

/////

---

[1] To the extent any of the other arguments set forth in the pending petition are advanced in support of his request for the issuance of a temporary restraining order, the court finds they also do not provide support for the granting of preliminary relief in this case.

For the reasons explained above;

1. Petitioner's motion for a temporary restraining order is denied without prejudice to its renewal if and when appropriate; and
2. This action, including the pending habeas petition (Doc. No. 1) and petitioner's motion for appointment of counsel (Doc. No. 3) are referred to Magistrate Judge Allison Claire for further proceedings.

IT IS SO ORDERED.

Dated: **November 23, 2026**

Dale A. Drozd

DALE A. DROZD
UNITED STATES DISTRICT JUDGE